C. D. MALETTE, Appellee, v. G. P. ARNOLD, Appellant.

Deed: BREACH OF WARRANTY: RES ADJUDICATA. The defendant conveyed certain lands by deed, with covenants of warranty, to B., who conveyed the same to the plaintiff. At the time of the latter conveyance the plaintiff gave to B. his promissory note for six hundred and fifty dollars for a balance of the purchase money, but providing that said note was not to be paid if a certain adverse claimant established an interest in the property. Such interest was established in an action wherein the defendant and B. were parties, and B. in an action against the defendant alone, for a breach of the warranty in the deed to him, recovered the amount of the note above referred to, which the plaintiff was through the establishment of such adverse claim relieved from paying. The deed delivered by B. to the plaintiff was one of special warranty, but it being the agreement that he should have one of general warranty, the plaintiff by action against B., commenced after the rights of the adverse claimant had been determined, compelled B. to execute to him a general warranty

deed.  *Held,* that the latter deed being valid, and the plaintiff having paid the court costs in the case wherein the rights of the adverse claimant were established, he was entitled to recover the amount thereof from the defendant, such sum not being included in the recovery on the defendant's warranty in the action by B.

*Appeal from Decatur District Court.*—Hon. J. W. Harvey, Judge.

THURSDAY, MAY 28, 1891.

ACTION upon the covenant of warranty in a deed. The cause was tried without a jury, and upon findings of fact a judgment was entered for the plaintiff. The defendant appeals.—*Affirmed.*

*Parrish & Hoffman,* for appellant.

*S. A. Gates* and *N. P. Bullock,* for appellee.

BECK, C. J.—I. The petition alleges that defendant and his wife conveyed, by warranty deed, certain lands to one Sarah F. Brown, who, with her husband, conveyed the land to the plaintiff by deed of special warranty, contrary to a written contract between the parties, requiring a deed of general warranty; that Mrs. Brown and her husband, in compliance with a decree of the district court, in a case brought by the plaintiff against them, executed another general warranty in accord with the terms of the agreement between the parties; that the covenants of this deed have been broken by the recovery of a part of the land by one Boyle, in an action against both the plaintiff and the defendant herein; and that the plaintiff was compelled to and did purchase of Boyle the outstanding title of the part of the land held by him. The defendant in his answer alleged that Brown conveyed the lands to the plaintiff by the first deed executed, which did not pass her claim against the defendant for a breach of the

covenants of the deed to her; that she brought an action against the defendant, and recovered judgment therein, which has been fully satisfied. The answer denies that the second deed contains the contract of warranty between the parties, and that the decree requiring the second deed was collusive, and that the defendant is not bound thereby.

II.    The defendant's counsel insist that the findings of fact by the district court are lacking support in the evidence. We have, upon a proper consideration of the evidence, reached a contrary conclusion. Indeed, we think the controlling facts in the case are not in dispute, and rest wholly upon the deeds and records, which will be hereafter presented, or their contents stated with sufficient fulness. It will be seen, before we conclude this opinion, that there is no necessity to inquire into any doubtful or disputed question of fact. The facts of the case upon which the questions of law arise may be more briefly presented, mainly in the language of the findings of the court, as disclosed in the abstract, and more satisfactorily than by a statement otherwise of their substance. They are in the following language:

"Findings of fact and law: *First*. That on the twenty-sixth day of February, 1879, the defendant, G. P. Arnold and wife, for the express consideration of six thousand dollars, executed to Sarah F. Brown a warranty deed for the following described real estate, to-wit [describes it]. *Second*. That on the sixteenth day of March, 1880, said Sarah F. Brown, the grantee in the deed referred to in the above finding of fact, and her husband, for the express consideration of three thousand dollars, executed to the plaintiff, C. D. Malette, a deed to the following described land, to-wit [describing it], being a part of the same land sold by defendant to Sarah F. Brown; that said deed is marked 'Exhibit E.' *Third*. That said deed, marked 'Exhibit E,' was not delivered to the plaintiff, C. D. Malette, at

the date of its execution, but that said deed, with the
contract, marked 'Exhibit A,' was, on or about the
nineteenth day of August, 1880, deposited and left with
Hugh Brown; that under said agreement, marked
'Exhibit A,' the plaintiff, C. D. Malette, paid said
Sarah F. Brown two thousand dollars, and was to pay
her the other one thousand dollars when the warranty
deed to such premises should be delivered to him; but
said one thousand dollars was not to be paid until the
claim of one Wm. Boyle in and to a portion of said real
estate was determined. *Fourth.* That when said deed,
marked 'Exhibit E,' was deposited with Hugh Brown,
the plaintiff believed that it was a general warranty
deed. *Fifth.* That in the year 1881 Wm. Boyle
brought an action in the circuit court of the state of
Iowa, in and for Decatur county, against the defendant,
G. P. Arnold and wife, this plaintiff, and Sarah F.
Brown, claiming to be the owner of the undivided one-
half of certain real estate [describing it]; the same
being one hundred acres of the land conveyed by the
defendant Arnold to the said Sarah F. Brown, and by
said Sarah F. Brown to plaintiff. *Sixth.* That at the
—— term, 1885, of said circuit court, there was a decree
rendered in said cause in favor of said William Boyle,
finding that he was the owner of the undivided half of
said one hundred acres of land, and a decree of parti-
tion ordered, and referees were appointed to make
division of said land; that said decree and judgment
were afterwards affirmed by the supreme court of the
state [25 N. W. Rep.]; that under said decree and
order the referees set off to said William Boyle
twenty-three acres of land [describing it], which was
confirmed by the court; that plaintiff purchased said
real estate from said William Boyle, and paid him fifteen
hundred dollars therefor. *Seventh.* That defendant, G.
P. Arnold, who was one of the defendants in the case of
William Boyle *v.* Arnold and others, employed the

attorneys, and conducted and managed the defense in said cause of Boyle *v.* Arnold and others; that the plaintiff, C. D. Malette, while a defendant in said suit, took no part and was not consulted in the defense thereof; that there was a large amount of costs made in the trial of said cause in the circuit and supreme courts, which was taxed to the defendants herein; that on the twenty-fifth day of November, 1885, the plaintiff paid off the costs made in the circuit court, the sum of two hundred and two dollars and forty-five cents, and about the same time paid off the costs made in said cause in the supreme court, the sum of twenty-three dollars and fifty cents. *Eighth.* That on or about November 27, 1881, the plaintiff herein paid said Sarah F. Brown the sum of five hundred dollars, the same being a part of the one thousand dollars mentioned in the contract, marked 'Exhibit A,' and at that time said contract was destroyed, and the plaintiff herein, in lieu thereof, paid said Sarah F. Brown said sum of five hundred dollars, and executed his note to her, with security, for. the balance due on said contract, amounting to about six hundred and thirty dollars, but said note was not to be paid in the event said William Boyle should prevail in said suit against the defendant, G. P. Arnold, and others; that at the time said contract (Exhibit A) was destroyed, and the five hundred dollars paid and conditional note given, the deed from Sarah F. Brown to the plaintiff, C. D. Malette, marked 'Exhibit E,' was delivered to the plaintiff; but the court finds that said deed was not examined or read by the plaintiff at said time, and he supposed and believed that it was a general warranty deed, and he left said deed with Hugh Brown to be recorded, and said Brown did have said deed recorded. *Ninth.* That, for the purpose of compelling said Sarah F. Brown to execute to him a warranty deed as stipulated in the contract (Exhibit A), the plaintiff brought

an action in the district court of the state of Iowa, in and for Decatur county, and at the January term, 1888, a decree was entered requiring said Sarah F. Brown to execute a warranty deed as required in said contract, and on the sixth day of February, 1888, the said Sarah F. Brown and her husband, in obedience to said decree, executed and delivered to the plaintiff, C. D. Malette, the deed, a copy of which is attached to plaintiff's petition, and marked 'Exhibit D.' *Tenth.* That on the nineteenth day of December, 1885, said Sarah F. Brown brought suit against the defendant, G. P. Arnold, for damages sustained by reason of a breach of warranty in the conveyance by defendant to the said Sarah F. Brown, and on the thirty-first day of May, 1887, she recovered judgment in said suit against the defendant Arnold, for the sum of —————— dollars and costs, which said judgment the defendant has paid; but the court further finds that in said action the said Sarah F. Brown was restricted in the amount of her recovery to the amount that said C. D. Malette had failed to pay her by reason of said Wm. Boyle having succeeded in holding the undivided half of said one hundred acres of land heretofore referred to. *Eleventh.* That at the time of the suit between said Sarah F. Brown and the defendant herein, referred to in the tenth finding of facts, the deed from said Sarah F. Brown to the plaintiff Malette marked 'Exhibit E,' was on file; so, also, was said contract, marked 'Exhibit A;' but the court finds that the recording of said contract did not impart notice to anyone of its contents, because it was not acknowledged as required by law; and the court also finds that the defendant Arnold, at the time of said suit, had no actual knowledge of said written contract. But the court does find that, at the time said contract was destroyed, and deed, marked 'Exhibit E,' was placed on record, and the conditional note referred to in finding number 8 was given, that S. H. Amos, who was

then the attorney of said Arnold, had knowledge of said written contract, and the contents thereof; and in this connection the court further finds that it was at the instance of the defendant Arnold and his attorney, that said deed, marked 'Exhibit E,' was placed on record before the interest of said Boyle in said real estate was ascertained and determined. *Eleven and one-half.* That the plaintiff Malette was not a party to said suit between said Sarah F. Brown and the defendant on her breach of warranty, but the court finds that he had personal knowledge that said suit was pending in court. *Twelfth.* The court finds that, at the time the defendant sold said real estate to said Sarah F. Brown, there was a dwelling-house situated on said land of the value of two thousand dollars, which was destroyed by fire prior to the time said Sarah F. Brown sold said premises to the plaintiff Malette. *Thirteenth.* That there is no testimony showing the proportionate value of the real estate set off to said William Boyle with the balance of the real estate sold by the defendant Arnold to said Sarah F. Brown, in the condition it was in at the time of sale, with said dwelling-house situated thereon; but there is testimony showing the proportionate value of said land so set off to said Boyle with the balance of the one hundred and forty acres conveyed by said Sarah F. Brown to the plaintiff Malette, which the court finds to be one-third of the value of said one hundred and forty acres, or one thousand dollars."

Upon the facts thus found, the court held that the defendant is liable for the costs paid by the plaintiff in the case against him brought by Boyle, and interest thereon at six per centum per annum, and that the five hundred dollars be paid Mrs. Brown pursuant to the arrangement between her and the plaintiff, and entered judgment accordingly.

III.   Counsel for the defendant insist that the

recovery of Brown on the deed was an adjudication which cut off all right of the plaintiff to recover on the deed. It is plain that this position is not sound, for these reasons: Mrs. Brown recovered the sum only which she had failed to recover from the plaintiff, by reason of Boyle recovering a part of the land. It is plain that she suffered loss and injury by reason of the failure of the title, and that, therefore, she was entitled to recover her damages on the warranty. No other person could recover these damages, and she could recover from no other person than the defendant. It is equally plain that no other person had a claim against the defendant for these damages, and they have not been recovered by the plaintiff or any person other than Mrs. Brown.

IV. But, if it be admitted that Mrs. Brown was not entitled to recover, that does not affect the plaintiff's rights to recover in this action. He was not a party to that suit, and cannot be prejudiced in this action by an erroneous judgment in the other. We may, therefore, leave out of view the judgment, in the action brought by Mrs. Brown.

V. We need only to inquire, is the plaintiff entitled to recover? If the deed executed by Brown to him is valid, and contains a covenant of warranty, there can be no doubt that, under the law, he has an action against the defendant as a prior warrantor. This, we think, is not doubted. But it is insisted that the deed is invalid. Surely, as between the plaintiff and Brown, it is not; for it is executed pursuant to an adjudication to which both were parties. As between them the deed is valid, binding and effective in bestowing upon the plaintiff the right to prosecute the defendant as the prior warrantor. The defendant cannot question the validity of the deed, and he is not prejudiced by it. He violated his covenant, and there have been damages sustained by the plaintiff, against which the defendant's

covenant was intended to protect his grantee and all subsequent grantees. He is not prejudiced by any agreement between the plaintiff and Brown, by which the plaintiff is enabled to recover the actual amount he lost. It is plain that, by the breach of the warranty, the plaintiff has suffered damages. The defendant interposes technical objections to defeat the plaintiff, and escape the obligation of his covenant. The law will not permit it. This is all there is in the case, and it demands no further consideration.

The judgment of the district court is AFFIRMED.